**LAW OFFICES**
**THOMAS TORTO**
**419 PARK AVENUE SOUTH**
**NEW YORK, N.Y. 10016**

---

E-MAIL: ttorto@tortolaw.com
TELEPHONE (212) 532-5881
FAX (212) 481-5851

**THOMAS TORTO**
MEMBER N.Y. AND FLA. BAR

JASON LEVINE
JEREMY M. WEG

March 13, 2017

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Bhutta v. Vanchoc Transport Inc.
                Civil Action No. 15-cv-3333 (ERK)(RML)

Dear Judge DeArcy Hall:

      As the attorney for defendant Vanchoc Transport Inc. ("Vanchoc") in this action, I respectfully submit this pre-motion letter in support of Vanchoc's anticipated motion for summary judgment.

      Vanchoc is a small business in Brooklyn owned by Chris Watson and his wife. It leases vans from the manufacturer/dealer and in turn rents those vans to customers on a short-term basis. Its net ordinary business income is under $30,000.

      On February 9, 2015, plaintiff Bhutta rented from Vanchoc, for business purposes, a Mercedes Sprinter van for a one day at a cost of $272.19. Vanchoc used Intuit QuickBooks Payments, an independent secure online payment service, to (i) process plaintiff's American Express credit card; and (ii) simultaneously email to plaintiff a receipt (Exhibit "A") of the transaction.

      In compliance with FACTA, the receipt properly truncated plaintiff's credit card information and did not include the expiration date of plaintiff's credit card.

      Vanchoc also delivered to plaintiff a rental agreement which included plaintiff's full credit card information and expiration date. A copy of the (redacted) rental agreement dated February 9, 2015 is annexed hereto as Exhibit "B".

Hon. LaShann DeArcy Hall
March 13, 2017
- 2 -

      In response to plaintiff subsequently notifying Vanchoch that the rental agreement allegedly violated FACTA, Vanchoc immediately changed the settings for its rental agreement so as to truncate credit card information and exclude expiration dates.

      On June 8, 2015, plaintiff commenced this action by filing a summons and complaint (Docket No. 1) to recover, inter alia, statutory damages pursuant to 15 U.S.C. § 1681n(a)(I)(A) and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) upon the ground of Vanchoc's alleged "willful" violation of FACTA.

      In its answer dated October 8, 2015 (Docket No. 11), Vanchoc denied the material allegations of the complaint and raised various affirmative defenses.

      15 U.S.C. § 1681c(g) prohibits businesses from printing more than 5 digits of any customer's card number or card expiration date on any "receipt" provided to the cardholder at the "point of sale or transaction". Congress subsequently passed the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act", Pub.L. 110–241, 122 Stat. 1565, which clarified that merchants should print neither the expiration date nor more than four digits of customers' credit card numbers on their "receipt" provided to the card holder at the "point of sale". See, Fullwood v. Wolfgang's Steakhouse, Inc., __ F.Supp.3d __, 2014 WL 6076733, at 1 (SDNY 2014).

      The stated purpose of the Clarification Act was to "ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers". Pub.L. 110-241, 122 Stat 1565.

      15 U.S.C. §§ 1681n, 1681c and § 1681n outline civil liability for "willful" noncompliance with FACTA – actual damages, or statutory damages of not less than $100 and not more than $1,000, whichever is greater, punitive damages, and attorney's fees. A defendant "willfully" violates FACTA when, "with knowledge of what the law requires, it intentionally, knowingly, or recklessly violates those requirements". Fullwood v. Wolfgang's Steakhouse, Inc., supra; see also, Katz v. ABP Corp., 2013 WL 2444605, __ F.Supp.2d __ (EDNY 2013)("'willful' noncompliance with FCRA includes both knowing *and reckless* noncompliance" [emphasis original]).

      15 U.S.C. § 1681o provides that "negligent" noncompliance with the FACTA creates liability for actual damages and attorney's fees. See, Fullwood v. Wolfgang's Steakhouse, Inc., supra.

      Here, as stated in counsel's email dated September 30, 2015 (Exhibit "C"), plaintiff did not suffer actual damage as a result of Vanchoc's alleged FACTA violation. Nevertheless,

Hon. LaShann DeArcy Hall
March 13, 2017
- 3 -

plaintiff persists in prosecuting this action – basically to collect attorney's fees.

It is Vanchoc's primary legal position that it did not violate FACTA since:

(i) the receipt issued to plaintiff properly truncated plaintiff's credit card information and did not include the expiration date of the credit card in accordance with FACTA;

(ii) The rental agreement is not covered by FACTA, which expressly refers to a only "receipt" and not to a rental agreement; and

(iii) alternatively, even if Vanchoc was incorrect in printing the full credit card information on the rental agreement, there is no "willful" FACTA violation since Vanchoc's interpretation of the statute – that it does not apply to the rental agreement – was not objectively unreasonable. See, Safeco Insurance Company of America v. Burr, 551 U.S. 47, 127 S. Ct. 2201 (2007)(willful noncompliance does not exist when the defendant's interpretation of the statute is "not objectively unreasonable . . ."); Long v. Tommy Hilfiger U.S.A., Inc., 671 F.3d 371, 377 (3d Cir. 2012) ("evidence of subjective bad faith or intent of the defendant is irrelevant when there is an objectively reasonable interpretation of the statute that would allow the conduct in question"); Kivo v. Blumberg Exelsior, Inc., 982 F.Supp.2d 217, 225 (EDNY 2013)(Spatt, J.) ("the Defendant was not willfully noncompliant with FACTA because, absent clear guidance from the Supreme Court or the Second Circuit, the Defendant's interpretation of Section 1681c—as not applying to mailed receipts—is not objectively unreasonable").

By its terms, the statute applies only to "receipts", and the receipt (Exhibit "A") in this case complied with the statute. See, Fullwood v. Wolfgang's Steakhouse, Inc., supra (explaining that "the fact that Defendants removed all but the last four digits of credit card numbers on their receipts, in partial compliance with FACTA, fails to persuade the Court that the failure to fully comply was willful rather than negligent").

Additionally, Vanchoc's immediately changing the settings for its rental agreement so as to truncate credit card information and exclude expiration dates renders implausible plaintiff's claim that Vanchoc was attempting to willfully evade FACTA's restrictions. See, Katz v. Donna Karan International, 14 Civ. 740 (PAC) (SDNY 2015)(explaining that ". . . the fact that defendant changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that defendant was attempting to willfully evade FACTA's restrictions").

Accordingly, plaintiff's complaint should be dismissed.

Respectfully,

THOMAS TORTO

cc: Borrelli & Associates, PLLC (via ECF)