# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

March 22, 2017

*Via ECF*
The Honorable LaShann DeArcy Hall
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Bhutta v. Vanchoc Transport Inc.*
              <u>Civil Action No. 15-cv-3333 (ERK)(RML)</u>

Dear Judge Hall:

      We represent the Plaintiff, Omar Bhutta, in the above-referenced putative class action brought under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g)), which was enacted in 2003 as an amendment to the Fair Credit Reporting Act ("FCRA"). In short, FACTA prohibits a merchant from printing and delivering a transaction "receipt" that displays more than the last four digits of the customer's credit card account number or the card's expiration date. We write to present Plaintiff's position with regard to Defendant's letter seeking a pre-motion conference to discuss Defendant's request to file a motion for summary judgment pursuant to Rule 56. The proposed motion for summary judgment would be meritless.

      On February 9, 2015, Plaintiff used his personal credit card to pay for a van rental at Defendant's place of business in Brooklyn, New York. Defendant generated and provided to Plaintiff a printed "rental agreement"—the functional equivalent of a sales receipt—at the point of sale, which document displayed Plaintiff's name, the amount charged, the vehicle rented, Plaintiff's full credit card number, and the credit card's expiration date. Defendant printed similar rental agreements to all of its customers displaying the full credit card number and the entire expiration date for all credit and debit card transactions between at least 2013 and 2015,

1

resulting in numerous FACTA violations committed against many other consumers with whom Plaintiff is similarly situated.

Defendant VTI's owner and manager, Chris Watson, testified at a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Watson admitted that he was aware of FACTA's credit card receipt truncation requirements at all times relevant. In fact, Watson inquired of both Intuit and another vendor, "Easy Rent Pro" (which provided VTI's rental agreement software), by telephone regarding VTI's need to comply with FACTA prior to Plaintiff's credit card transaction. As for the FACTA violation itself, Watson explained that VTI's rental agreements (which displayed the prohibited credit card information) were processed and generated by software provided to VTI by Easy Rent Pro in 2013. The rental agreement software provided VTI with the option of either suppressing or permitting the full credit card number and/or expiration date in the printed rental agreement. Watson testified that he personally installed the software and chose the options. He could not explain why the option was set to print the full credit card information on the rental agreements. Watson's testimony clearly establishes that he and VTI violated FACTA in a reckless manner. Watson testified that he had actual knowledge of FACTA's truncation requirements and that he personally set the software option that determined whether the rental agreements were printed with the full credit card information, which caused the rental agreements to display the prohibited information. Contrary to Defendant's contentions, Watson did not testify at deposition that he was under a "reasonable" mistaken belief that FACTA did not apply to the rental agreement as a "receipt." In fact, he testified that he was aware that the rental agreements had to comply with FACTA.

Notwithstanding those facts, first, Defendant intends to argue in its proposed motion that the rental agreement that it issued to Plaintiff was not a "receipt" to which FACTA's credit card truncation provisions apply. Defendant is mistaken.

FACTA does not define "receipt," but the word's common meaning is a "written acknowledgment that something has been received." Black's Law Dictionary at 1382 (9th Ed. 2009). The rental agreement at issue here fits the common definition of a receipt: the document identifies the merchant, the customer, the date (and even time) of the sale, the amount of the payment received from the customer, and the specific goods or services obtained, (i.e. the van that Plaintiff rented), in addition to Plaintiff's full credit card number and expiration date. While case law on the issue is sparse, at least one federal court has found a similar document to be a FACTA receipt. *Todd v. Target Corporation*, 2012 WL 1080355, at *3 (N.D.Il. March 30, 2012) (holding that the merchant's transaction record, although intended by merchant to be used for internal purposes only, was a "receipt" under FACTA because it was a document that acknowledged the terms of a transaction). Applying that reasoning to Defendant's argument here, and using the plain meaning of the word "receipt," the fact that Defendant intended a different document to be its official "receipt," and that Defendant entitled the document at issue as a "rental agreement," does not remove the rental agreement from the definition of a "receipt"

2

to which FACTA's truncation provisions apply. Moreover, "FACTA, as a remedial statute, should be construed liberally, and its exceptions should be read narrowly." *Whisnant v. United States*, 400 F.3d 1177, 1184 (9th Cir. 2005). Defendant's intended motion on the "receipt" issue ignores this and has no merit.

Defendant's second proposed argument is that its violation of FACTA was not "willful," on the premise that Defendant's mistaken belief that the rental agreement was not a "receipt" was not "objectively unreasonable." But Mr. Watson's own testimony is fatal to this argument, as he testified that he spoke to the "rental agreement" software vendor about the rental agreements' compliance with FACTA, which conversation would serve no purpose if Watson in fact believed that FACTA did not apply to those agreements. Watson also testified that he was able to set the software to truncate the credit card information but elected not do so. If Watson did consciously avoid truncating the credit card information in the agreements under the errant belief that FACTA did not apply to them, that would support the conclusion that Watson acted recklessly, which is sufficient to impose liability under FACTA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

Moreover, even if Defendant did interpret FACTA so as to conclude that a document bearing all of the information contained in a receipt, despite being entitled as a "rental agreement," is not a "receipt" covered by the statute, such an interpretation recklessly ignores the purpose for which FACTA was enacted—to protect consumers from identity theft and fraud—and ignores the obvious risk presented by Defendant displaying the full credit card information on a document delivered to a customer during a consumer transaction. As such, a jury should determine if Defendant acted in reckless disregard of FACTA's credit card number truncation requirements because Defendant violated the statute under an unreasonable reading of the statute's terms, and "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co.*, at 558. Of course, questions of motivation and willfulness are ill-suited to determination on a summary judgment motion. *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999) ("motivation is itself a factual question"); *Johnson v. Ganim*, 342 F.3d 105, 117 (2d Cir. 2003) ("courts are reluctant to decide issues of intent on a motion for summary judgment"). For these reasons, Defendant's proposed motion for summary judgment on the "willfulness" issue will have no merit either.

We thank the Court for its time and assistance in this matter and we look forward to a productive conference.

Respectfully submitted,  
 /s/ Shaun M. Malone  
Shaun M. Malone, Esq.  
*For the Firm*

To: All parties *via* ECF