UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

OMAR BHUTTA, on behalf of himself,  :
individually, and on behalf of all others
similarly situated,      :

   Plaintiff,     :  Docket No. 15-CV-3333 (ERK)(RML)

   - against -    :

VANCHOC TRANSPORT INC.,  :
d/b/a VTI TRANSPORT,
          :
   Defendant.
          :
-------------------------------------------------------x

## DEFENDANT'S AMENDED LOCAL RULE 56.1 STATEMENT

   Defendant Vanchoc Transport Inc., d/b/a VTI Transport ("Vanchoc"), as and for its Amended Rule 56.1 Statement, respectfully states that there is no genuine issue to be tried as to the following material facts:

   1.  On February 9, 2015, plaintiff Bhutta rented from Vanchoc a Mercedes Sprinter van for one day at a cost of $272.19 (Exhibit "A", Rental Agreement [redacted]).

   2.  Plaintiff rented the van for business purposes (Exhibit "B", Plaintiff's Deposition Transcript, page "6" line "23" through page "8" line "1").

   3.  Plaintiff used an American Express credit card to pay for the rental of the van (Exhibit "C", Receipt).

   4.  Vanchoc used Intuit QuickBooks Payments, an independent secure online payment service, to process plaintiff's American Express credit card (Exhibit "D", Defendant's Supplemental Response to Plaintiff's First Combined Discovery Requests, Interrogatory

Response number 14, pages "7" through "8").

5.      Vanchoc used Intuit QuickBooks Payments to simultaneously email to plaintiff a receipt of the transaction (Exhibit "D", Defendant's Supplemental Response to Plaintiff's First Combined Discovery Requests, Interrogatory Response number 14, pages "7" through "8").

6.      The receipt truncated plaintiff's credit card information and did not include the expiration date of plaintiff's credit card (Exhibit "C", Receipt).

7.      Vanchoc also delivered to plaintiff a rental agreement for the van (Exhibit "A", Rental Agreement [redacted]).

8.      The rental agreement included plaintiff's full credit card information and expiration date thereof (Exhibit "A", Rental Agreement [redacted]).

9.      Plaintiff did not suffer any actual damage as a result of Vanchoc's alleged FACTA violation (Exhibit "E", Email dated September 30, 2015 of plaintiff's attorney; Exhibit "B", Plaintiff's Deposition Transcript, page "19" line "5" through line "11").

10.     In response to plaintiff subsequently notifying Vanchoc that the rental agreement allegedly violated FACTA, Vanchoc immediately changed the settings of its rental agreement so as to truncate credit card information and exclude expiration dates (Exhibit "F", Defendant's Response to Plaintiff's Second Combined Discovery Requests [without exhibits], Interrogatory Response number "4", page "6"; Exhibit "G", Defendant's Response to Plaintiff's First Combined Discovery Requests [without exhibits], Interrogatory Response number "20",

page "15").

Dated:  New York, New York
        April 10, 2017

                              Respectfully submitted,


                              _____
                              THOMAS TORTO, ESQ. (TT 9747)
                              Attorney for Defendants
                              419 Park Avenue South
                              New York, New York 10016
                              (212) 532-5881

Docket No. 15-CV-3333 (ERK)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OMAR BHUTTA, on behalf of himself
individually, and on behalf of all others
similarly situated,

        Plaintiff,

    -against-

VANCHOC TRANSPORT INC.,
d/b/a VTI TRANSPORT,

        Defendant.

**DEFENDANT'S AMENDED
LOCAL RULE 56.1 STATEMENT**

THOMAS TORTO, ESQ.
Attorney for Defendant
419 Park Avenue South
New York, New York 10016
(212) 532-5881