UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OMAR BHUTTA, on behalf of himself, individually,
and on behalf of all others similarly situated,

                        Plaintiff,

                                                                **Docket No.: 15-CV-3333**
          -against-                                         (ERK)(RML)

VANCHOC TRANSPORT INC.,
d/b/a VTI TRANSPORT,
                        Defendant.
------------------------------------------------------------------------X

**PLAINTIFF'S FIRST AMENDED COUNTER-STATEMENT OF FACTS PURSUANT TO RULE 56.1 OF THE EASTERN DISTRICT OF NEW YORK'S LOCAL RULES**

      Plaintiff, Omar Bhutta, pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern District of New York, submits the following response to Defendant's Local Rule 56.1 Statement submitted in support of Defendant's anticipated motion for summary judgment pursuant to Rule 56:

      1.      On February 9, 2015, plaintiff Bhutta rented from Vanchoc a Mercedes Sprinter van for one day at a cost of $272.19.

      **Undisputed** for purposes of this motion.

      2.      Plaintiff rented the van for business purposes.

      **Objected to** based upon lack of relevance. Federal Rule of Evidence ("FRE") 402. All that is relevant is that Plaintiff used his personal credit card to make the subject transaction, *Follman v. Village Squire, Inc.*, 542 F. Supp. 2d 816, 819 (N.D.Il. 2007), which he did. Deposition Transcript of Omar Bhutta, p. 11, l. 13-21 (Exhibit 1 hereto).

      3.      Plaintiff used an American Express credit card to pay for the rental of the van.

**Undisputed** for purposes of this motion.

4. Vanchoc used Intuit QuickBooks Payments, an independent secure online payment service, to process plaintiff's American Express credit card.

**Undisputed** for purposes of this motion.

5. Vanchoc used Intuit QuickBooks Payments to simultaneously email to plaintiff a receipt of the transaction.

**Disputed**. Plaintiff denies having received the "receipt" to which Defendant refers by e-mail. Deposition Transcript of Omar Bhutta, p. 14, l. 14-23 (Exhibit 1).

6. The receipt truncated plaintiff's credit card information and did not include the expiration date of plaintiff's credit card.

**Objected to** on the ground that the statement's premise rests upon a disputed fact, namely that Plaintiff received a receipt other than the rental argument. *See* Response to No. 5.

7. Vanchoc also delivered to plaintiff a rental agreement for the van.

**Undisputed** for purposes of this motion except for the fact that the word "also" connotes that Plaintiff received a "receipt" other than the rental agreement, which fact is disputed. *See* Response to No. 5.

8. The rental agreement included plaintiff's full credit card information and expiration date thereof.

**Undisputed** for purposes of this motion.

9. Plaintiff did not suffer any actual damage as a result of Vanchoc's alleged FACTA violation.

**Undisputed** for purposes of this motion.

10. In response to plaintiff subsequently notifying Vanchoc that the rental agreement allegedly violated FACTA, Vanchoc immediately changed the settings of its rental agreement so as to truncate credit card information and exclude expiration dates.

**Objected to** on the ground that this is a subsequent remedial measure, which is inadmissible under FRE 407. To the extent that the Court finds this fact to be admissible, it is **undisputed** for purposes of this motion.

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

11. On November 10, 2016, Chris Watson testified at a deposition in this action on behalf of Defendant Vanchoc pursuant to Rule 30(b)(6). Deposition Transcript of Chris Watson (Exhibit 2 hereto).

12. Prior to the time of Plaintiff's credit card transaction, Defendant's principal owner and general manager, Chris Watson, acquired actual knowledge of FACTA's credit card account number truncation requirements. Deposition Transcript of Chris Watson, p. 17, l. 13-22; p. 45, l. 11-13 (Exhibit 2 hereto).

13. Defendant printed its rental agreements, including Plaintiff's rental agreement, using software purchased from Easy Rent Pro. Deposition Transcript of Chris Watson, p. 35, l. 12-25 (Exhibit 2 hereto).

14. Chris Watson installed the Easy Rent Pro Software. Deposition Transcript of Chris Watson, p. 54, l. 9-13 (Exhibit 2 hereto).

15. Chris Watson chose the Easy Rent Pro software's settings, which included a setting that either permitted or prevented the software from printing rental agreements that displayed customers' full credit card account information. Deposition Transcript of Chris Watson, p. 54, l. 9-13; p. 53, l. 25 through p. 55, l. 10 (Exhibit 2 hereto).

16.     Chris Watson knew at the time that he set up the Easy Rent Pro Software that the rental agreements were required to comply with FACTA's credit card truncation requirements. Deposition Transcript of Chris Watson, p. 81, l. 12 through p. 84, l. 14; p. 96, line 9-20 (<u>Exhibit 2</u> hereto).

Dated:  Great Neck, New York
        April 10, 2017

                                        Respectfully Submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027

                           By:    <u>/s/ Shaun M. Malone</u>
                                        SHAUN M. MALONE, ESQ. (SM 1543)
                                        ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                                        MICHAEL J. BORRELLI, ESQ. (MB 8533)