UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

OMAR BHUTTA, on behalf of himself, individually, and on behalf of all others similarly situated,

Plaintiff,

- against -

VANCHOC TRANSPORT INC., d/b/a VTI TRANSPORT,

Defendant.

---------------------------------------------------------x

Docket No. 15-CV-3333 (ERK)(RML)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**AMENDED RULE 56.1 COUNTER-STATEMENT**

Defendant Vanchoc Transport Inc., d/b/a VTI Transport ("Vanchoc"), as and for its response to plaintiff's amended Rule 56.1 counter-statement, respectfully states as follows:

11. On November 10, 2016, Chris Watson testified at a deposition in this action on behalf of Defendant Vanchoc pursuant to Rule 30(b)(6). Deposition Transcript of Chris Watson.

**Undisputed** for purposes of this motion.

12. Prior to the time of Plaintiff's credit card transaction, Defendant's principal owner and general manager, Chris Watson, acquired actual knowledge of FACTA's credit card account number truncation requirements. Deposition Transcript of Chris Watson, p. 17, 1. 13-22; p. 45, 1. 11-13.

**Undisputed** for purposes of this motion.

13. Defendant printed its rental agreements, including Plaintiff's rental agreement, using software purchased from Easy Rent Pro. Deposition Transcript of Chris Watson, p. 35, 1. 12-25.

**Undisputed** for purposes of this motion.

14. Chris Watson installed the Easy Rent Pro Software. Deposition Transcript of Chris Watson, p. 54, 1. 9-13.

**Undisputed** for purposes of this motion.

15. Chris Watson chose the Easy Rent Pro software's settings, which included a setting that either permitted or prevented the software from printing rental agreements that displayed customers' full credit card account information. Deposition Transcript of Chris Watson, p. 54, 1. 9-13; p. 53, 1. 25 through p. 55, 1. 10.

**Undisputed** for purposes of this motion.

16. Chris Watson knew at the time that he set up the East Rent Pro Software that the rental agreements were required to comply with FACTA's credit card truncation requirements. Deposition Transcript of Chris Watson, p. 81, 1. 12 through p. 84, 1. 14; p. 96, line 9-20.

**Objected to** on the ground that Chris Watson did not testify that the rental agreement was required to comply with FACTA's credit card truncation requirements (Plaintiff's Amended 56.1 Statement, Exhibit 2, Deposition Transcript of Chris Watson, p. 81, 1. 12 through

p. 84, 1. 14; p. 94, 1. 7-9; p. 96, line 9-20).

Dated: New York, New York
April 14, 2017

Respectfully submitted,

THOMAS TORTO, ESQ. (TT 9747)
Attorney for Defendants
419 Park Avenue South
New York, New York 10016
(212) 532-5881

**AFFIRMATION OF SERVICE**

THOMAS TORTO affirms under penalty of perjury:

1. I am an attorney admitted to practice in the Courts of New York State; am not a party to this action; and reside at 524 East 20th Street, New York, New York 10009.

2. On April 14, 2017, I served a copy of the attached defendant's response to plaintiff's amended Rule 56. 1 counter-statement upon each party listed below, by depositing a copy of the said document, enclosed in a sealed, postpaid envelope addressed to the party or parties as set forth below, in an official depository under the exclusive care and control of the United States Postal Service within the State of New York.

3. The party served were as follows:

BORRELLI & ASSOCIATES, PLLC
Attorneys for Plaintiff
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
(516) 248-5550

Dated: New York, New York
April 14, 2017

THOMAS TORTO

Docket No. 15-CV-3333 (ERK)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

OMAR BHUTTA, on behalf of himself individually, and on behalf of all others similarly situated,

Plaintiff,

-against-

VANCHOC TRANSPORT INC.,
d/b/a VTI TRANSPORT,

Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED RULE 56.1 COUNTER-STATEMENT**

---

THOMAS TORTO, ESQ.
Attorney for Defendant
419 Park Avenue South
New York, New York 10016
(212) 532-5881