UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
OMAR BHUTTA, on behalf of himself, individually,
and on behalf of all others similarly situated,

                        Plaintiff,                      15-CV-3333 (LDH)(RML)

    -against-

VANCHOC TRANSPORT INC.,
d/b/a VTI TRANSPORT,

                        Defendant.
-------------------------------------------------------------

## PROPOSED JOINT PRE-TRIAL ORDER

### 1.    FULL CAPTION OF THE ACTION

The full caption of the case is set forth above.

### 2.    TRIAL COUNSEL

**Plaintiff**
Shaun M. Malone, Esq.
Janine L. Kapp, Esq.
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel.: (516) 248-5550
Fax: (516) 248-6027

**Defendant**
Thomas Torto, Esq.
Law Office of Thomas Torto
419 Park Avenue South, Suite 406
New York, NY 10016
Tel: (212) 532-5881
Fax: (212) 481-5851

1

### 3. SUBJECT-MATTER JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act, *et seq*.

Defendant does not dispute jurisdiction.

### 4. BRIEF SUMMARY OF CLAIMS AND DEFENSES

**Plaintiff's Claims**

*Claims Asserted Which Remain To Be Tried*

a. Plaintiff claims that Defendant issued to him a credit card receipt/rental agreement that displayed Plaintiff's full credit card account number and expiration date, in willful (which includes reckless) violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x, as amended by the Fair and Accurate Credit Transaction Act of 2003, ("FACTA"), 15 U.S.C. § 1681c(g)(1) and § 1681n(a).

**Defendant's Defenses**

*Defenses Asserted Which Remain To Be Tried*

It is Vanchoc's legal position that it did not violate FACTA since, <u>inter alia</u>:

(i) The receipt issued to plaintiff properly truncated plaintiff's credit card information and did not include the expiration date of the credit card in accordance with FACTA. Intuit QuickBooks Payments generated, at the point of sale, a credit card receipt that truncated plaintiff's credit card information and did not include the expiration date of plaintiff's credit card. It was defendant's understanding that FACTA applied only to receipts and not rental agreements;

(ii) The rental agreement is not covered by FACTA, which expressly refers to only a "receipt" and not to a rental agreement;

(iii) Alternatively, even if Vanchoc was incorrect in printing the full credit card information on the rental agreement, there is no "willful" FACTA violation since Vanchoc's interpretation of the statute – that it does not apply to the rental agreement – was not objectively unreasonable and at worst amounted to negligence which is non-actionable in the absence of actual damages;

2

(iv) In response to Plaintiff subsequently notifying Defendant that the rental agreement allegedly violated FACTA, Defendant immediately changed the settings of its rental agreement so as to truncate credit card information and exclude expiration dates;

(v) Alternatively, plaintiff's claims are barred in that defendant's acts or omissions were based upon a mistake of fact or law;

(vi) Alternatively, plaintiff's claims are barred in that he used the credit card at issue herein to pay for a transaction that was for business purposes and not a consumer transaction; and

(vii) Plaintiff did not sustain actual damages.

## 5. DAMAGES

Plaintiff claims statutory damages in the sum of $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), and a judgment awarding him litigations costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## 6. JURY OR NON-JURY TRIAL AND TRIAL DURATION:

This case is to be tried with a jury. The Parties estimate that the trial will last two days.

## 7. TRIAL BY MAGISTRATE JUDGE:

The parties consent to trial of this case by Magistrate Judge Levy.

## 8. STIPULATED FACTS OR LAW AGREED TO BY ALL PARTIES:

a. Defendant Vanchoc Transport, Inc. is a corporation engaged in the business of renting vans.
b. Chris Watson is the sole shareholder and chief executive officer of Vanchoc Transport, Inc.
c. On February 9, 2015, Plaintiff rented from Defendant a Mercedes Sprinter van for one day at a cost of $272.19.
d. Plaintiff used an American Express credit card to pay for the rental of the van.
e. Defendant used Intuit QuickBooks Payments, an independent secure online payment service, to process plaintiff's American Express credit card.
f. Defendant delivered to plaintiff, at the point of sale, a rental agreement for the van.
g. The rental agreement included plaintiff's full credit card number and expiration date.

3

h. Defendant printed its rental agreements, including Plaintiff's rental agreement, using software purchased from Easy Rent Pro.
i. Chris Watson installed the Easy Rent Pro Software utilized to print Plaintiff's rental agreement.
j. Chris Watson selected the Easy Rent Pro software's settings, which included a setting that either permitted or prevented the software from printing rental agreements that displayed customers' full credit card account information.
k. Plaintiff did not suffer any actual damage as a result of Vanchoc's alleged FACTA violation.

9. **WITNESSES TO BE CALLED AT TRIAL:**[1]
a. **Plaintiff's Witnesses:**
   1. *Plaintiff, Omar Bhutta:* will testify regarding the terms, conditions and circumstances under which Defendants issued him a printed receipt/rental agreement that displayed his full credit card number and card expiration date, and all other issues arising from and pertaining to this lawsuit.

   *Defendant's representative Chris Watson:* will testify regarding the terms, conditions and circumstances under which he, on behalf of Defendant chose the settings for the software that printed the subject receipt/rental agreement; his knowledge of FACTA's credit card number truncation requirements; communications with Defendant's vendors regarding FACTA, and compliance therewith.

b. **Defendant's Witnesses**
   1. *Defendant's representative Chris Watson:* will testify regarding the terms, conditions and circumstances under which he, on behalf of Defendant, issued to plaintiff a separate receipt and a rental agreement at the point of sale; that Vanchoc's interpretation of the FACTA statute was not objectively unreasonable; that in response to plaintiff subsequently notifying Vanchoc that the rental agreement allegedly violated FACTA, Vanchoc immediately changed the settings of its rental agreement so as to truncate credit

---

[1] Each party reserves the right to call any witnesses listed by the opposing party and to supplement the party's witness list based on any *in limine* rulings or to rebut evidence adduced by the opposing party.

4

card information and exclude expiration dates; and all other issues arising from and pertaining to this lawsuit.

2. *Plaintiff, Omar Bhutta*: will testify regarding the terms, conditions and circumstances under which Vanchoc issued him a printed receipt and rental agreement; that he used an American Express credit card to pay for the rental of the van; that he rented the van for business purposes; that he did not suffer any actual damage as a result of Vanchoc's alleged FACTA violation; and all other issues arising from and pertaining to this lawsuit.

## 10. DESIGNATION OF DEPOSITION TESTIMONY:

### i. Plaintiff:

Plaintiff reserves the right to utilize the deposition testimony of Omar Bhutta and/or Chris Watson in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary.

### ii. Defendant:

Defendant reserves the right to utilize the deposition testimony of Omar Bhutta and/or Chris Watson in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary.

## 11. EXHIBITS:

### a. *Plaintiff's Exhibits to be Offered as Evidence in Chief:*[2]

| # | Exhibit | Objection | Basis for Objection |
|---|---|---|---|
| 1 | Rental Agreement | | |
| 2 | August 12, 2006 "Rules For Visa Merchants" | Defendant Objects | Lack of relevance under FRE 401 and 403; lack of foundation under FRE 901. |

---

[2] Plaintiff reserves the right to supplement his list of exhibits based on any *in limine* rulings or to rebut evidence adduced in Defendant's case in chief or for impeachment purposes. Plaintiff further reserves the right to offer any exhibits listed by Defendant herein.

| | |
|---|---|
| 3 | Intuit Merchant Agreement |
| 4 | Easy Rent Pro software purchase receipt dated January 26, 2013 |
| 5 | Easy Rent Pro User's Manual |

### b. *Plaintiff's Possible Impeachment Documents and/or Exhibits:*

| # | Exhibit | Objection | Basis for Objection |
|---|---|---|---|
| 1 | Deposition Transcript of Christopher Watson dated November 10, 2016 | | |

Plaintiffs reserve the right to use any of the exhibits offered into evidence listed above in 10(a) to be used for possible impeachment documents and/or exhibits

### c. *Plaintiff's Exhibits to be Offered only on Rebuttal:*

Any documents or items listed in subparagraph a. and b. that are not offered prior to Plaintiff's rebuttal.

### d. *Defendant's Exhibits to be Offered as Evidence in Chief:*[3]

| # | Exhibit | Objection | Basis for Objection |
|---|---|---|---|
| 1 | Rental Agreement | | |
| 2 | Receipt issued to plaintiff | Plaintiff objects. | Lack of relevance under FRE 401 and 403; lack of foundation under FRE 901. |
| 3 | Intuit Merchant Agreement | | |
| 4 | Easy Rent Pro software purchase receipt dated January 26, 2013 | | |

---

[3] Defendant reserves the right to supplement its list of exhibits based on any *in limine* rulings or to rebut evidence adduced in Plaintiff's case in chief or for impeachment purposes. Defendant further reserves the right to use any exhibits listed by Plaintiff herein.

| # | Exhibit | | |
|---|---|---|---|
| 5 | Easy Rent Pro User's Manual | | |

e. *Defendant's Possible Impeachment Documents and/or Exhibits:*

| # | Exhibit | Objection | Basis for Objection |
|---|---|---|---|
| 1 | Deposition Transcript of Omar Bhutta dated November 10, 2016 | | |

Defendant reserves the right to use any of the exhibits offered into evidence listed above to be used for possible impeachment documents and/or exhibits.

f. *Defendant's Exhibits to be offered only on Rebuttal:*

Any documents or items listed above that are not offered prior to Defendant's rebuttal.

Dated: May 1, 2017

Borrelli & Associates, P.L.L.C.
*Attorney for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel: (516) 248-5550
Fax: (516)248-6027

By: _____
Shaun M. Malone, Esq.

Law Office of Thomas Torto
*Attorney for Defendant*
419 Park Avenue South, Suite 406
New York, NY 10016
Tel: (212) 532-5881
Fax: (212) 481-5851

By: _____
Thomas Torto, Esq.

SO ORDERED: _____

7